NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1997
_____

GARY EUGENE SEGRAVES,

Appellant

v.

DISTRICT ATTORNEY OF LYCOMING COUNTY; SUPERINTENDENT
HOUTZDALE SCI; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

(District Court Civil No. 3-17-cv-00084)
District Judge:  Honorable Robert D. Mariani

Argued April 26, 2022

BEFORE:  PORTER, NYGAARD, and FISHER, *Circuit Judges*

(Filed:  May 11, 2022)

Adrian N. Roe
First Floor
428 Boulevard of the Allies
Pittsburgh, PA 15219

Kaine E. Spitak [Argued]
Duquesne University School of Law
Federal Litigation Clinic
912-914 Fifth Avenue
Pittsburgh, PA 15219

     *Counsel for Appellant*

Martin L. Wade [Argued]
Lycoming County Office of District Attorney
48 West Third Street
Williamsport, PA 17701

     *Counsel for Appellee District Attorney Lycoming County*

_____

OPINION[*]

_____

NYGAARD, *Circuit Judge.*

Appellant Gary Segraves filed a petition for writ of habeas corpus seeking a new trial on his convictions for numerous sexual offenses arising from the rape of his step-daughter, B.H. Though Segraves' petition advanced multiple grounds for relief—including the claim of ineffective assistance of counsel—the District Court rejected each. On appeal, Segraves challenges only the denial of habeas relief on his ineffective assistance of counsel claim. We will affirm.

We need not labor over the facts and instead refer the reader to the District Court's able description of the record in its opinion.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court's holding is correct. To obtain a writ of habeas corpus, Segraves needed to establish the Pennsylvania Superior Court's adjudication of his ineffective assistance claim either: (1) resulted in a decision contrary to, or involved the unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

Segraves contends, but has failed to prove, that the heightened scrutiny standard and rule of per se prejudice for which he advocates have been clearly established by the Supreme Court as required by the Antiterrorism and Effective Death Penalty Act. To support his argument, Segraves cites an assortment of non-binding, and readily distinguishable, decisions from other circuit, district, and state courts. Given the plain text of § 2254(d), however, these decisions cannot qualify as "clearly established" Federal law. The Pennsylvania Superior Court's failure to apply this heightened scrutiny standard was thus not unreasonable, as "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (internal quotation marks omitted).

Nor are we convinced by the record that the Superior Court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), or its Pennsylvania law analogue, was objectively unreasonable. With respect to ineffective assistance of counsel claims, a state court's decision is objectively unreasonable only when the decision, "evaluated

3

objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*." *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). As our review of the Superior Court's determination is doubly deferential, *see Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003), to establish the Superior Court's prejudice analysis was objectively unreasonable Segraves had to clear a high hurdle. Segraves has failed to do so.

In its opinion, the Superior Court provided several reasons as to why Segraves' counsel's failure to call M.M. did not result in prejudice, which, when taken together, establish the Superior Court's prejudice determination is reasonably justified under *Strickland*. *Com. v. Segraves*, No. 181 MDA 2015, 2016 WL 617167, at *4 (Pa. Super. Ct. Feb. 16, 2016). The first being the "compelling evidence" of Segraves' guilt, which was established by B.H.'s testimony. *Id*. The Superior Court also noted that B.H.'s testimony was corroborated by Dr. Kathleen Lewis, who "testified that she examined B.H. in February 2008, when B.H. was thirteen years old, and observed that she had sustained a significant vaginal injury consistent with someone having penetrating intercourse with her." *Id*.

Additionally, the Superior Court explained that Segraves was not prejudiced by his counsel's failure to call M.M. because M.M.'s testimony would have been used solely to impeach B.H.'s credibility and Segraves' attorney "acknowledged that he used other means of impeaching B.H.'s credibility, by presenting evidence of her motive for fabricating the allegations and pointing out inconsistencies in her testimony." *Id*. at *5. The Superior Court also found that even though Segraves' attorney failed to call M.M., "he did point out to the jury during closing argument that M.M. had never testified in

4

support of B.H." *Id*. The Superior Court further recognized that the trial court gave the jury a failure to make a prompt complaint charge, which instructed the jury to consider the delay in B.H.'s reporting her abuse in evaluating the reliability of her testimony. *Id*. Based on these facts, the Superior Court concluded "M.M.'s testimony regarding an incident that she disputes or does not remember took place when she was eleven years old on a school bus would have added little with respect to evaluating B.H.'s credibility." *Id*.

In light of the Superior Court's reasoning, it cannot be said its prejudice determination was objectively unreasonable, or that it could not be reasonably justified under *Strickland*. Accordingly, we will affirm.